No. 115,451

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHANIE R. LAMONE,
*Appellant*.

SYLLABUS BY THE COURT

1.

The interpretation of a statute is a question of law over which appellate courts have unlimited review.

2.

Other than the fact of a previous conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Thus, under the United States Constitution, only a jury, and not a court, may find facts that increase a maximum penalty.

3.

The definition of "vehicle" under the Wichita City Ordinance did not create an alternative element but only enumerated one or more factual ways of committing the single offense of driving under the influence by operating or attempting to operate a vehicle. Thus, it was improper for the trial court to invoke the modified categorical approach and look to the charging documents of appellant's two previous municipal court convictions to see what type of vehicle appellant was operating or attempting to operate when charged with the driving under the influence offenses.

1

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed June 9, 2017. Sentence vacated and case remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

GREEN, J.: Stephanie R. Lamone was convicted of felony driving under the influence (DUI) under K.S.A. 2013 Supp. 8-1567(b)(1)(D) when the sentencing court determined that she had two prior Wichita Municipal Court convictions under a Wichita City ordinance. On appeal, Lamone raises two issues for our consideration. First, she contends that her previous two convictions under the Wichita City Ordinance cannot be used to enhance her sentence for DUI under K.S.A. 8-1567 because, at the time of her previous convictions, the Wichita City Ordinance was broader than the state statute in defining the term "vehicle." In addition, she contends that any finding of fact made by the trial court regarding what type of vehicle she was driving when she was charged with DUI under the Wichita City Ordinance violates controlling caselaw. Because the trial court erred when it looked to the charging documents of Lamone's two previous municipal court convictions to see what type of vehicle Lamone was operating when she was charged with DUI under the Wichita City Ordinance, we vacate her sentence and remand to the trial court with directions to resentence Lamone without using or considering her two previous Wichita Municipal Court convictions for the purpose of resentencing her under K.S.A. 2016 Supp. 8-1567.

On February 12, 2014, Stephanie R. Lamone was involved in a one-car accident in Wichita, Kansas. Lamone told the responding law enforcement officers that she was the lone occupant and the driver of the Toyota car that had left the road and struck a tree.

2

After submitting to field sobriety tests, Lamone consented to a breath test. The breath test showed that Lamone had a breath alcohol concentration (BAC) of .214.

Lamone was later charged with unlawfully operating or attempting to operate a motor vehicle while under the influence of alcohol in violation of K.S.A. 2013 Supp. 8-1567(a)(2) or, in the alternative, with violating K.S.A. 2013 Supp. 8-1567(a)(3). The complaint alleged that Lamone had two previous convictions in Wichita, Kansas, Municipal Court, for driving under the influence (DUI) in violation of Wichita City Ordinance 11.38.150. Wichita Municipal Court records showed that Lamone was granted diversion for DUI on September 2, 2010, in case no. 09DU615, and found guilty of DUI on December 15, 2011, in case no. 11DU1254. Lamone was charged with a felony under K.S.A. 2013 Supp. 8-1567(b)(1)(D) based on her two previous DUIs.

At the preliminary hearing, Lamone did not contest the probable cause findings as to the elements of the February 12, 2014, DUI. Instead, Lamone challenged the admissibility of her prior Wichita Municipal Court convictions, arguing that the convictions could not properly be used as prior convictions under state law (K.S.A. 2013 Supp. 8-1567[i]). As a result, Lamone objected to the classification of the alternataive counts against her as felony charges. The trial court admitted the prior convictions over Lamone's objection and ruled that probable cause existed to believe that Lamone had committed a felony DUI. Lamone entered a plea of not guilty.

Lamone moved to dismiss the complaint, arguing that the two prior convictions could not be used or considered for state sentencing purposes under K.S.A. 2013 Supp. 8-1567(i). The trial court held a hearing on the motion to dismiss, and it admitted the two previous municipal court convictions. The trial court considered the charging documents of Lamone's two prior municipal court convictions and determined that Lamone had been charged with driving a Toyota Camry in each of her two previous DUIs. In its memorandum decision, the trial court denied Lamone's motion to dismiss and ruled that

3

her two prior municipal court convictions for DUI could properly be considered for the purpose of sentencing.

The case proceeded to a bench trial on stipulated facts. Lamone preserved the issue of whether her two previous municipal court convictions should be counted as prior convictions under K.S.A. 2013 Supp. 8-1567(i). Lamone was found guilty of the felony DUI charged.

When a presentencing investigation was conducted, the report stated that Lamone had two prior convictions for DUI. Lamone objected to her criminal history, again arguing that her two prior municipal court convictions for DUI could not be considered as prior convictions for sentencing purposes under K.S.A. 2013 Supp. 8-1567(i).

Lamone was sentenced under K.S.A. 2013 Supp. 8-1567(b)(1)(D) for her third conviction for DUI. She was sentenced to 12 months' imprisonment and a fine of $1,750 for Count 1, violating K.S.A. 2013 Supp. 8-1567(a)(2). The sentencing court ordered Lamone to serve the mandatory 90-day jail sanction, with 48 hours being served in jail and 2,112 hours being served on house arrest.

*Could Lamone's Two Prior Convictions From the Wichita Municipal Court Properly be Used as Previous Convictions Under K.S.A. 8-1567(i) to Sentence Her for Felony DUI Under K.S.A. 8-1567(b)(1)(D)?*

The issue before this court is whether Lamone's two prior Wichita Municipal Court convictions for DUI could be counted as prior convictions for the purpose of sentencing Lamone under K.S.A. 8-1567.

Lamone specifically argues (1) that her two previous convictions under Wichita City Ordinance 11.38.150 could not be used to enhance a sentence for DUI under K.S.A.

4

8-1567 because the Wichita City Ordinance was broader than the state statute in defining the term "vehicle" and (2) that any finding of fact made by the trial court regarding what type of vehicle she was driving when she was charged with DUI under the Wichita City Ordinance was violative of controlling caselaw: *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013); *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); and *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). Based on these decisions, Lamone argues that the modified categorical approach would have precluded the trial court from making this finding.

Lamone's arguments involve questions of statutory interpretation and application. The interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

*Did the Wichita City Ordinance and the State Statute Prohibit the Same Acts?*

To begin, we note that K.S.A. 2016 Supp. 8-1567(i) clearly allows prior DUI convictions to be considered for sentencing purposes. K.S.A. 2016 Supp. 8-1567(i) states in relevant part:

> "For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:
> "(1) Convictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county which prohibits the acts that this section prohibits, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, shall be taken into account, but only convictions or diversions occurring on or after July 1, 2001."

More plainly stated, K.S.A. 2016 Supp. 8-1567(i) "provides that a defendant's municipal court DUI conviction occurring on or after July 1, 2001, may be counted as a prior DUI conviction if the ordinance prohibits the acts that K.S.A. 8-1567 prohibits." See *State v. Gensler*, No. 112,523, 2016 WL 2610262, at *2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* June 6, 2016.

Thus, our question initially becomes whether Wichita City Ordinance 11.38.150 prohibits the acts that K.S.A. 8-1567 prohibits. See K.S.A. 2016 Supp. 8-1567(i); see also *State v. Stanley*, 53 Kan. App. 2d 698, __, 367 P.2d 1284 ("Thus, our question becomes are the same acts that are prohibited by the Missouri law prohibited by the Kansas law?"), *rev. denied* 304 Kan. 1022 (2016); *State v. Miller*, No. 108,302, 2013 WL 1943153, at *8 (Kan. App. 2013) (unpublished opinion) ("For a prior DUI conviction to count as a prior offense, the law underlying the conviction must prohibit the same acts that our present DUI statute prohibits.").

K.S.A. 2016 Supp. 8-1567(a) prohibits the following acts relating to the charge of driving under the influence of alcohol or drugs or both:

> "Driving under the influence is operating or attempting to operate any vehicle within this state while:
> (1)The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto, is .08 or more;
> (2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more;
> (3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;
> (4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or
> (5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle."

6

Wichita City Ordinance 11.38.150 prohibits the following acts relating to driving under the influence of alcohol or drugs or both:

> "'No person shall operate or attempt to operate any vehicle within the city while:
> '(1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more;
> '(2) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;
> '(3) The alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more. For the purposes of this section, "any competent evidence" includes (1) Alcohol concentration tests obtained from samples taken three hours or more after the operation or attempted operation of a vehicle, and (2) readings obtained from a partial alcohol concentration test on a breath testing machine;
> '(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or
> '(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle.'" *Gensler*, 2016 WL 2610262, at *3 (quoting Wichita City Ordinance 11.38.150[a])."

We are guided in this inquiry by this court's recent decision in *Gensler*. Most significa ntly, in *Gensler*, the defendant appealed from his sentence for felony DUI. He argued that the trial court erred by using his two prior Wichita Municipal Court convictions as prior convictions under K.S.A. 8-1567(i) to elevate his sentence to a felony. The *Gensler* court held that

> "[o]n their face, these two laws are identical in language and prohibit the same conduct. But as Gensler points out, the definition of 'vehicle' under the municipal code differs from the definition under the state code. K.S.A. 2015 Supp. 8-1485 states that "'vehicle" means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except electric personal assistive mobility devices or *devices moved by human power* or used exclusively upon stationary rails or tracks.' (Emphasis added.) Wichita City Code Section 11.04.400 states: "'Vehicle" means every

7

device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.'

"As our Supreme Court recognized in *City of Wichita v. Hackett*, 275 Kan. 848, 852-53, 69 P.3d 621 (2003), these differing definitions make the municipal ordinance broader than [the] state statute because '[o]perating a bicycle while under the influence, though a violation of the city code, is not a DUI under K.S.A. 8-1567.' [Citation omitted.] Because of this difference, the court in *Hackett* held that '[s]uch a conviction [of operating a bicycle while under the influence] does not count for state sentencing purposes concerning the instant offense or subsequent offenses.' [Citation omitted.]" *Gensler*, 2016 WL 2610262, at *3.

As the *Gensler* court correctly held, the two laws were different because Wichita City Ordinance 11.04.400 defined the term "vehicle" more broadly than the state statute. At the time of Lamone's two municipal court DUI convictions, Wichita City Ordinance 11.04.400 deined "vehicle" as "every device in, upon or by which any person property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks." Thus, the definition of vehicle found in Wichita City Ordinance 11.04.400 is what actually made Wichita City Ordinance 11.38.150 different than K.S.A. 2013 Supp. 8-1567. This difference—the definition of "vehicle"—was acknowledged by our Supreme Court in *Hackett*. Therefore, there is no real dispute that Wichita City Ordinance 11.38.150 was broader than the state statute. For example, it is possible to get a DUI under the Wichita City Ordinance while operating a bicycle but not possible to get a DUI under the state statute for performing the same act. See *Hackett*, 275 Kan. at 853.

In 2016, Wichita City Ordinance 11.04.400 was amended to read: "'Vehicle' means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except electric personal assistive mobility devices or devices

8

moved by human power or used exclusively upon stationary rails or tracks." The definition now matches the definition of "vehicle" found in K.S.A. 2016 Supp. 8-1485.

At this point, Lamone asserts that our inquiry is complete. She specifically argues that because Wichita City Ordinance 11.38.150 was broader than the state statute, her two prior municipal court convictions cannot be used for State sentencing purposes. Yet, our inquiry does not end here. We must consider if it was appropriate for the trial court to invoke the modified categorical approach and look to the charging documents of Lamone's two previous municipal court convictions to see what type of vehicle Lamone was operating or attempting to operate when she was charged with the DUI offenses.

*Does the Modified Categorical Approach Apply to the Wichita City Ordinance?*

Here, the trial court considered the charging documents in Lamone's two prior municipal court DUIs to determine what type of vehicle she was operating. The trial court reasoned that if it could find that Lamone was operating a car rather than a bicycle, it could use the two prior municipal court convictions for sentencing purposes. Lamone, however, argues that the trial court made an improper finding of fact when it considered the charging documents. We are guided in this inquiry by several decisions dealing with this issue: *Apprendi* and *Descamps*, along with *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), and the recently decided *Mathis*, 136 S. Ct. 2243.

The United States Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by findings fact at sentencing." *Dickey*, 301 Kan. at 1036. In *Descamps*, the United States Supreme Court held that *Apprendi* is implicated when a trial court makes findings of fact beyond the existence or elements of a

9

prior conviction for the purpose of increasing a defendant's sentence for a current conviction. 133 S. Ct. 2283-85. The *Descamps* Court established two approaches that a trial court may use to increase a defendant's sentence without running afoul of *Apprendi*. 133 S. Ct. at 2283-85. The two approaches were adopted by our Supreme Court in *Dickey*. See 301 Kan. at 1037-39.

The first method is referred to as the categorical approach. In *Dickey*, our Supreme Court discussed *Descamps* and the categorical approach:

"A sentencing court applies the categorical approach when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime. A sentencing court simply compares 'the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime.' [Citation omitted.] If the elements of the prior conviction are the same as, or narrower than, the elements of the corresponding crime . . . , then the prior conviction may be counted as a predicate offense for sentence-enhancement purposes . . . . [Citation omitted.]" *Dickey*, 301 Kan. at 1037.

The second method is referred to as the modified categorical approach. Our Supreme Court also discussed the modified categorical approach in *Dickey*:

"The modified categorical approach applies when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.,* a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense. [Citation omitted.] Naturally, when a defendant's prior conviction arises under a divisible statute, a sentencing court cannot determine whether a defendant's prior conviction constitutes a predicate offense under the ACCA by merely examining the elements of the statute. Thus, without running afoul of *Apprendi,* a sentencing court is permitted to look beyond the elements of the statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [Citation omitted.] Such documents include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea

10

colloquies as well as findings of fact and conclusions of law from a bench trial. [Citation omitted.]" 301 Kan. at 1037-38.

If the statute or the ordinance is not divisible, the modified categorical approach cannot be used. *Descamps*, 133 S. Ct. at 2281-83.

The two approaches mandate that sentencing courts examining prior convictions "do not engage in factfinding in violation of *Apprendi* by attempting to determine whether a defendant's actions satisfied an element not contained within the statute under which the defendant's prior conviction arose." *Dickey*, 301 Kan. at 1038 (citing *Descamps*, 133 S. Ct. at 2281-87).

With these principles of law in mind, it becomes clear that our next question is whether Wichita City Ordinance 11.38.150 is divisible. If the answer to that question is yes, then the trial court was correct to utilize the charging documents from Lamone's two prior municipal court convictions to determine what type of vehicle she was operating when she was charged. If the answer to that question is no, then the trial court's actions were improper.

The *Gensler* court answered this question in the affirmative, finding that

"[a]pplying the analysis in *Dickey* to Gensler's case, the Wichita municipal DUI ordinance, including the definition of a vehicle, should be considered a divisible ordinance because a conviction under the ordinance applies either to an automobile or a bicycle, one of which matches a conviction under K.S.A. 8-1567. Thus, we apply the modified categorical approach to determine whether a prior conviction may be used for sentencing purposes. Under this approach, Gensler's sentencing judge was permitted to examine the municipal court citations that clearly showed his convictions were based on the operation of motor vehicles rather than a bicycle. This procedure did not constitute impermissible judicial factfinding in violation of *Descamps* and *Apprendi*. The district court correctly determined that Gensler's prior DUI convictions under the municipal

11

ordinance were based on the same acts prohibited by K.S.A. 8-1567. Therefore, the district court did not err when it counted Gensler's two ordinance convictions as prior convictions for sentencing purposes under K.S.A. 8-1567." 2016 WL 2610262, at *5.

But Lamone argues that the analysis from *Gensler* is incorrect in light of the United States Supreme Court's recent holding in *Mathis*, 136 S. Ct. 2243. Furthermore, we note that a petition for review has been filed in *Gensler*, which was decided before the *Mathis* decision. The petitioner in *Gensler*, like Lamone, argues that the *Gensler* decision was incorrect in light of *Mathis*. Thus, an analysis of *Mathis* is necessary to determine whether the Wichita City Ordinance is divisible and whether the trial court erred in considering Lamone's prior municipal court convictions.

In *Mathis*, the United States Supreme Court was tasked with answering whether a prior conviction for burglary under Iowa state law could be used to enhance a sentence under the Armed Career Criminal Act. The Court noted that the Iowa statute represented a uniquely phrased law, "not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element. [Citation omitted.]" 136 S. Ct. at 2249. The Court found that the Iowa burglary statute had a broader "locational element" than generic burglary, which had a locational element of "building or other structure." 136 S. Ct. at 2250. This was because Iowa's statute allowed for burglary of "'any building, structure, *[or] land, water, or air vehicle*.' [Citation omitted.]" 136 S. Ct. at 2250. The Court found that the additional locations listed in the Iowa statute were not alternative elements but instead were "alternative ways of satisfying a single locational element." 136 S. Ct. at 2250.

In its analysis, the *Mathis* Court produced an example that proves particularly relevant to Lamone's appeal. The Court posed the following hypothetical:

12

"[S]uppose a statute requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify. [Citations omitted.] Because that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors 'conclude[d] that the defendant used a knife' while others 'conclude[d] he used a gun,' so long as all agreed that the defendant used a 'deadly weapon.' [Citations omitted.] And similarly, to bring the discussion back to burglary, a statute might . . . itemize the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." 136 S. Ct. at 2249.

This kind of hypothetical has been similarly acknowledged by our Supreme Court in *State v. Brown*, 295 Kan. 181, 284 P.3d 977 (2012). The court there held that

"a legislature may list additional alternatives or options within one alternative means of committing the crime. But these options within an alternative do not constitute further alternative means themselves if they do not state additional and distinct ways of committing the crime, that is, if they do not require proof of at least one additional and distinct material element. Rather they are only options within a means if . . . their role is merely to describe a material element or to describe the factual circumstances in which a material element may be proven. [Citation omitted.]" *Brown*, 295 Kan. at 196-97.

The *Mathis C*ourt stated that the threshold inquiry is whether the alternative language in a statute sets out elements or means. 136 S. Ct. at 2256. The *Mathis C*ourt considered an Iowa Supreme Court case that expressly held that the alternative language in the Iowa statute listed means and not elements. The *Mathis C*ourt also noted that the elements or means question may be resolved by the statutory language itself. 136 S. Ct. at 2256. This proves particularly helpful in our case.

13

Here, Wichita City Ordinance 11.38.150 states: "No person shall operate or attempt to operate any vehicle within the city . . . ." The ordinance goes on to prohibit certain conduct identical to that of the state statute. As we have established, the only difference between the ordinance and the statute was the definition of "vehicle" provided in the prior version of Wichita City Ordinance 11.04.400. Much like "deadly weapon" in the hypothetical from *Mathis*, "operat[ing] or attempt[ing] to operate any vehicle" is the element from Wichita City Ordinance 11.38.500. Put another way, the definition of "vehicle" concerns a kind of "vehicle element" similar to the "locational element" in *Mathis*. The definition of "vehicle," then, is similar to the "knife, gun, bat, or similar weapon" language in the *Mathis* hypothetical or the additional locational language in the Iowa statute. That is, the definition of "vehicle" from 11.04.400 merely enumerated additional factual ways of committing the crime of DUI by "operat[ing] or attempt[ing] to operate any vehicle."

Moreover, our Supreme Court has held that "[o]ptions within a means or *definitional statutory language* that merely elaborates on elements rather than defining the subject crime signals secondary matter that does not raise an alternative means issue." (Emphasis added.) *Brown*, 295 Kan. 181, Syl. ¶ 10. This is additional support for our conclusion that the broader definition of "vehicle" in the municipal ordinance did not create an alternative element but rather created additional factual ways of satisfying the true element—*operating or attempting to operate any vehicle*.

The State argues, however, that the trial court "made a legal finding that [Lamone] was operating a motor vehicle at the time of her prior convictions by properly utilizing the modified categorical approach." The State bases its argument on the *Hackett* decision, positing that "[t]he *Hackett* court only allowed those convictions for DUI on a bicycle under the city code to be excised from criminal history in subsequent State law DUI sentencings." The State goes on to specifically argue that "[i]f the Wichita Code's definition of 'vehicle' merely created alternative means through which the element of

14

operating a vehicle could be proven, then *Apprendi* precluded our Supreme Court from differentiating between DUI convictions under W.M.O. 11.38.150 committed in a car or motorized vehicle, and a bicycle or human powered vehicle."

We must note, though, that the *Hackett* opinion did not discuss *Apprendi*. Instead, the court focused on the narrow issue of whether "a conviction for DUI as defined under the City ordinance qualif[ies] as a conviction under K.S.A. 8-1567." *Hackett*, 275 Kan. at 849. Initially, the court answered this question with a simple "[n]o." *Hackett*, 275 Kan. at 849. Later, though, the court held that "[o]perating a bicycle while under the influence, though a violation of the city code, is not a DUI under K.S.A. 8-1567. Such a conviction therefore does not count for state sentencing purposes concerning the instant offense or subsequent offenses." *Hackett*, 275 Kan. at 853. We must note that any argument that the *Hackett* decision stands for the proposition that the Wichita City Ordinance is divisible is based on inferences drawn from the opinion's language and not the language of the opinion itself.

Finding that the Wichita City Ordinance is not divisible, as outlined earlier, we note that would do nothing to upset the holding from *Hackett*. It would still be that a prior municipal conviction for DUI on a bicycle under Wichita City Ordinance 11.38.150 could not be used as a prior conviction for state sentencing purposes under K.S.A. 8-1567(i). Based on the holding and analysis from *Mathis*, in addition to our own Supreme Court's holding in *Brown*, the Wichita City Ordinance is not divisible. Thus, the modified categorical approach was not appropriate in this case.

Thus, much like the various factual ways of fulfilling the single locational element of the Iowa burglary statute in *Mathis*, the definition of "vehicle" did not create an alternative element but only enumerated one or more factual ways of committing a single offense of DUI by "operat[ing] or attempt[ing] to operate any vehicle." Therefore, as it relates to the definition of "vehicle," the Wichita City Ordinance is not divisible because

15

it is not "a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense." See *Dickey*, 301 Kan. at 1037. Accordingly, the modified categorical approach was not appropriate, and the trial court should not have consulted the charging documents to determine what type of "vehicle" Lamone was operating leading to her prior Wichita convictions for DUI.

Still, as the dissent points out, this leaves us questioning whether Lamone's prior convictions may be used under the categorical approach. That question has been all but answered. The dissent asserts that because the Wichita ordinance prohibits the acts that are prohibited by the state statute, under the categorical approach Lamone's prior Wichita convictions can be used to enhance her sentence. We have difficulty in concluding, as the dissent does, that the previous Wichita convictions can be used to enhance Lamone's sentence under the categorical approach.

The categorical approach is appropriate when two statutes being compared contain a single set of elements. If the elements in the statute controlling the prior convictions are *the same or narrower* than the statute controlling the present crime of conviction, then the prior convictions may be used to enhance a defendant's sentence. *Dickey*, 301 Kan. at 1037. But our Supreme Court's holding from *Hackett* shows that the "vehicle" element in ordinance 11.38.150 was not the same or narrower than the "vehicle" element in the state statute. When Lamone was convicted of DUI in municipal court, Wichita City Ordinance 11.38.150 and the state statute were *facially* the same. But we have clearly shown that the Wichita ordinance punished a broader class of conduct than the state statute. This is because based on the definition of "vehicle" provided in Wichita City Ordinance 11.04.400, an individual could have been convicted of a DUI while riding a bicycle under Wichita City Ordinance 11.38.150 but an individual could not have been convicted of a DUI while riding a bicycle under the state statute. Thus, while the elements of the ordinance and statute were *facially* the same, it cannot be said that the actual elements of

16

the ordinance were the same or narrower than those of the statute. Such a holding would run contrary to our Supreme Court's holdings from *Hackett* and *Dickey*.

In conclusion, the modified categorical approach was not appropriate because the Wichita ordinance is not divisible. Moreover, under the categorical approach, as evidenced by our Supreme Court's holding from *Hackett*, the Wichita ordinance's elements were not the same or narrower than the state statute's elements. For those reasons, the trial court erred in using Lamone's two prior municipal court convictions as a basis for convicting her with felony DUI under K.S.A. 2013 Supp. 8-1567(b)(1)(D).

Nevertheless, without ever expressly saying so, the State argues that Lamone invited the error of which she now complains. Generally, a litigant is not allowed to invite error and then complain of that error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). But a defendant's stipulation to the legal effect of his or her prior convictions for the purpose of criminal history may be later challenged and is not barred by the invited error doctrine. *State v. Hankins*, 304 Kan. 226, 230-31, 372 P.3d 1124 (2016).

The State specifically argues that

"assuming that the vehicle used for a DUI under the municipal code was a fact [and] not an element, it was [Lamone] who begged the district court to consider the facts of her prior convictions. . . . Her hope was that the district court would look beyond the primary elements of DUI in the Wichita Code and Kansas Statute to the definition of vehicle and accept her position that because WMO 11.38.150 covers behavior identical to that covered by K.S.A. 8-1567, plus additional behavior, no priors under WMO 11.38.150 can be counted as priors in subsequent State sentencing proceedings."

The State further argues that "[a]t [the] bench trial, the State directed the district court only to the stipulated facts. [Lamone], on the other hand, re-raised her challenge to her

priors. This decision put the facts of her prior convictions squarely in the sights of the fact finder."

Here, though, Lamone did not stipulate to the legal effect of her prior convictions. Instead, she challenged the legal effect of her prior convictions every step of the way—challenging the admissibility and legal effect of the convictions at trial and again challenging the legal effect on appeal. Following the State's reasoning would mean that Lamone would have had to sit idly by and even stipulate to the fact that she had two prior convictions from the Wichita Municipal Court. We reject the State's reasoning. Lamone was entitled to challenge the use of those convictions for sentencing purposes. Furthermore, we have already established that the trial court improperly used the modified categorical approach in this matter. Thus, the trial court was not invited to err by Lamone—the trial court simply made an error. As a result, the State's argument fails.

Sentence vacated and case remanded to the trial court with directions to resentence Lamone without using or considering her two prior Wichita Municipal Court convictions for the purpose of resentencing her under K.S.A. 2016 Supp. 8-1567.

* * *

GARDNER, J., dissenting:  I respectfully dissent and would affirm.

The majority shows, convincingly, that "the definition of 'vehicle'" in the Wichita ordinance enumerated different factual ways of "'operat[ing] or attempt[ing] to operate any vehicle.'" Slip op. at 13. One can operate a Toyota, as Lamone did, or operate a bicycle, as Hackett did. Either way, one was operating a vehicle. Thus the majority concludes that the Wichita ordinance contains a single set of elements.

18

The categorical approach applies when a statute or ordinance that is the basis for a prior conviction contains a single set of elements. *State v. Dickey*, 301 Kan. 1018, 1037, 350 P.3d 1054 (2015). Generally, under the categorical approach, we compare the elements of the prior conviction to the elements of the current offense. Specifically, in this case, for the purpose of determining whether a conviction is a first, second, third, fourth, or subsequent conviction in sentencing, convictions for a violation of an ordinance which prohibits the acts that the state DUI law prohibits shall be taken into account. K.S.A. 2016 Supp. 8-1567(i).

The elements of the ordinance under which Lamone was previously convicted are, as the majority acknowledges, identical to the elements of her current DUI offense. The only difference between the two is the definition of "vehicle," but those definitions do not create different elements and are merely additional factual ways of satisfying the element of operating or attempting to operate a vehicle. The Wichita ordinance thus prohibits the acts that the state DUI law prohibits. Therefore, under K.S.A. 2016 Supp. 8-1567(i), those convictions shall be used for sentencing purposes.

Alternatively, assuming that the definition of "vehicle" in Wichita ordinance 11.04.400 set out alternative elements, and not just various factual means of satisfying the "vehicle" element, the Wichita municipal DUI ordinance is divisible. This is because a conviction under the ordinance applied either to an automobile or a bicycle, and one of those elements matched a conviction under K.S.A. 8-1567. *State v. Gensler*, No. 112,523, 2016 WL 2610262, at *5 (Kan. App. 2016) (unpublished opinion). Under that approach, Lamone's sentencing judge was permitted to examine the municipal court citations upon which her prior convictions were based. See *Dickey*, 301 Kan. at 1038 (permitting the court, when using a modified categorical approach, to review documents including the "charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench

19

trial"). Those charging documents show that Lamone's convictions were based on her operation of a Toyota and not a bicycle.

Lamone's prior convictions were for violating an ordinance which prohibited the acts prohibited by our state DUI law. Therefore, the district court did not err in counting her two ordinance convictions as prior convictions for sentencing purposes under K.S.A. 8-1567.