NOT DESIGNATED FOR PUBLICATION

No. 112,519

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT P. SCHERER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed December 22, 2017. Reversed in part, vacated in part and remanded for resentencing.

*C. Ryan Gering*, of Hulnick, Stang & Rapp, P.A., of Wichita, for appellant.

*Lance J. Gillet*, assistant district attorney, *Marc Bennett*, attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Brent Scherer was convicted at a bench trial of driving under the influence of alcohol (DUI), refusal to submit to a test to determine the presence of alcohol or drugs, failure to maintain a single lane, and speeding. On appeal, Scherer challenges his conviction for refusal to submit to a test to determine the presence of alcohol or drugs. The State candidly concedes this issue.

1

In addition, he contends that the district court improperly used a past Wichita Municipal Court conviction for DUI to enhance the sentence for his current DUI conviction under K.S.A. 8-1567. Based upon our reading of cases from the United States Supreme Court and the Kansas Supreme Court that we are duty bound to follow, we agree with Scherer's contention. Thus, we reverse his conviction for refusal to submit to a test to determine the presence of alcohol or drugs, we vacate his DUI sentence, and we remand this case to the district court for resentencing.

FACTS

On March 10, 2013, Wichita Police Officer Ronald Sanders saw a blue truck speeding past him. Officer Sanders followed the truck and determined that it was travelling 13 miles per hour over the speed limit. While Officer Sanders was following the truck, Scherer also saw it drifting between lanes and, at one point, almost hitting a barrier. Thereafter, Officer Sanders initiated a traffic stop with the assistance of Officer Adam Weber.

After Scherer stopped, Officer Weber approached the truck he determined that Scherer was the driver. Moreover, the officer could smell a strong odor of alcohol. Officer Weber noted that Scherer's speech was slurred, his eyes were bloodshot, he had difficulty retrieving his proof of insurance, and he admitted to having consumed alcohol. At the officer's instruction, Scherer got out of his truck, but he had difficulty standing upright. Scherer failed two field sobriety tests administered by Officer Weber, and the officer thereafter placed him under arrest for suspicion of DUI. Following his arrest, Scherer refused to take an evidentiary breath test.

2

On April 15, 2013, the State charged Scherer with four counts: (1) driving under the influence, in violation of K.S.A. 2012 Supp. 8-1567(a)(3); (2) refusing to submit to a test to determine presence of alcohol or drugs, in violation of K.S.A. 2012 Supp. 8-1025(a)(2); (3) failure to maintain a single lane, and (4) speeding. On December 27, 2013, Scherer filed a motion to dismiss the charge of refusing to submit to a test to determine presence of alcohol or drugs. In his motion, Scherer argued that K.S.A. 2012 Supp. 8-1025 was facially unconstitutional. Ultimately, the district court denied the motion to dismiss.

On April 24, 2014, the district court held a bench trial on stipulated facts and found Scherer guilty on all four charges. Prior to sentencing, Scherer filed an objection to his criminal history score. In his objection, Scherer argued that a prior Wichita Municipal Court conviction for DUI could not be considered as part of his criminal history under K.S.A. 2012 Supp. 8-1567(i) because the city ordinance he was convicted under in 2003 included a broader definition of the term "vehicle" than that set forth in K.S.A. 2016 Supp. 8-1485, because it included human-powered vehicles.

The district court held a hearing on Scherer's objection on July 23, 2014. After extensive arguments, the district court continued the hearing to a later date and asked the State to provide documentation of the 2004 Wichita Municipal Court conviction. After the State produced the documents, the hearing resumed on August 22, 2014. The district court reviewed the municipal court charging document and journal entry, which reflected that Scherer had been operating a blue Toyota Tundra at the time of the DUI arrest in that case. The district court determined that the broader definition of the term vehicle in the city ordinance was immaterial in this case because there was no indication that the City convicted Scherer under the broader language. As such, the district court overruled Scherer's objection and sentenced him to a controlling sentence of 12 months, suspended to house arrest after 48 hours, with 12 months of postrelease supervision and a $3,638 fine.

ANALYSIS

On appeal, Scherer presents two issues. First, whether K.S.A. 8-1025 is unconstitutional by making it a crime to withdraw implied consent by refusing to submit to a test to determine the presence of alcohol or drugs. Second, whether the district court erred in considering his prior conviction for a violation of Wichita Municipal Ordinance 11.38.150 as a prior DUI conviction under K.S.A. 2012 Supp. 8-1567(i). In response, the State candidly concedes the first issue but contests the second issue.

*Constitutionality of K.S.A. 8-1205*

The parties do not dispute that the Kansas Supreme Court has declared K.S.A. 2016 Supp. 8-1025—making it a crime to refuse to submit to testing—to be unconstitutional. *State v. Ryce*, 303 Kan. 899, 902-03, 368 P.3d 342 (2016), *aff'd on rehearing*, 306 Kan. 682, 396 P.3d 711 (2017). While the State does not agree that *Ryce I* or *Ryce II* were correctly decided, it recognizes that we are duty bound to follow these decisions. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Thus, the parties agree that these cases are dispositive of the first issue.

*Consideration of Prior Municipal Court DUI Conviction at Sentencing*

Turning to the second issue, it is undisputed that Scherer was convicted in 2004 of violating Wichita Municipal Ordinance 11.38.150(a). At that time, the city ordinance provided in pertinent part that "No person shall operate or attempt to operate any vehicle within the city while:  (1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more." This language is substantially similar to the language of K.S.A. 2016 Supp. 8-1567(a), which states—in part—that it is illegal to drive "under the influence" when "operating or attempting to operate any vehicle within this state while:  (1) The alcohol concentration in the person's blood or breath as shown by any competent evidence . . . is

4

.08 or more." Thus, the language of K.S.A. 2016 Supp. 8-1567(a) and the language of Wichita Municipal Ordinance 11.38.150(a) clearly prohibit the same type of conduct—operating or attempting to operate a vehicle under the influence.

There is, however, a significant difference between how the Wichita City Code defined the term "vehicle" at the time of Scherer's municipal DUI violation and how the Kansas statutes define the term. On one hand, K.S.A. 2016 Supp. 8-1485 defines "vehicle" to include "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, *except* electric personal assistive mobility devices or *devices moved by human power* or used exclusively upon stationary rails or tracks." (Emphasis added.) On the other hand, the applicable version of Wichita Municipal Code 11.04.400 defined "vehicle" to include "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks."

Accordingly, while it was illegal under the Wichita ordinance to operate a bicycle or other human-powered devices under the influence of alcohol, it was not, and still is not, a crime to do so under Kansas law. See *City of Wichita v. Hackett*, 275 Kan. 848, 851, 69 P.3d 621 (2003). In *Hackett*, the defendant was convicted of violating Wichita Municipal Ordinance 11.38.150 for operating a bicycle under the influence of alcohol. On direct appeal, the Kansas Supreme Court found that while a bicycle is a "vehicle" under the city ordinance, it is not a "vehicle" under K.S.A. 8-1567. 275 Kan. at 850-51. In addition to upholding the validity of the ordinance, our Supreme Court also held that "[o]perating a bicycle while under the influence, though a violation of the city code, is not a DUI under K.S.A. 8-1567. Such a conviction therefore does not count for state sentencing purposes concerning the instant offense or subsequent offenses." 275 Kan. at 853.

5

In the present case, there is no allegation that Scherer was riding a bicycle when he was arrested for DUI in 2004, in violation of Wichita Municipal Ordinance 11.38.150. In fact, the charging document and journal entry indicated that Scherer had been operating a Toyota Tundra at the time of his arrest that led to his DUI conviction in municipal court. Arguably, this should end our analysis. However, there are several United States Supreme Court and Kansas Supreme Court cases that suggest that we must dig deeper to determine whether the district court violated Scherer's constitutional rights, under the Sixth and Fourteenth Amendments to the United States Constitution, at sentencing.

As a practical matter, the issue is significant to Scherer because, if his prior municipal court conviction is not counted as part of his criminal history score in this case, he would only be guilty of a second DUI—which is a Class A misdemeanor, rather than a third DUI—which is a nonperson felony. See K.S.A. 2016 Supp. 8-1567(b)(1)(B) and (D). In addition to potentially receiving a higher sentence, "felony convictions strip offenders of significant public and civil rights, including holding public office, voting, serving on juries, and possessing firearms." *State v. Dugan*, 47 Kan. App. 2d 582, 600, 276 P.3d 819 (2012) (citing K.S.A. 21-4516; 18 U.S.C. § 922[g][1] [2012]). Thus, we do not approach this issue lightly.

To resolve this constitutional question, we find that it is appropriate to apply the principles expressed by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). In *Apprendi*, a majority of the Supreme Court relied upon the Sixth and Fourteenth Amendments to the United States Constitution to hold that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Alleyne*,

the majority expanded the holding of *Apprendi* to require facts that increase the statutory minimum sentence to also be presented to a jury for determination. 133 S. Ct. at 2163.

The Kansas Supreme Court has also adopted these constitutional principles. In *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 7, 350 P.3d 1054 (2015) (*Dickey I*), our Supreme Court held that the constitutional protections set forth in *Apprendi* "are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." Likewise, in *State v. Mattox*, 305 Kan. 1015, Syl. ¶ 1, 390 P.3d 514 (2017), our Supreme Court applied the constitutional protections set forth in *Alleyne*, in holding that "[a]ny fact that increases a mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt." See *State v. Hilt*, 299 Kan. 176, 202-03, 322 P.3d 367 (2014).

In *Dickey I*, the defendant pled guilty to felony theft. The district court enhanced his sentence based on its classification of a prior juvenile adjudication for burglary as a person felony. On appeal, the defendant challenged the classification because a burglary can be either a person or a nonperson felony depending on whether or not it occurred in a dwelling. In determining if it was appropriate to classify the juvenile adjudication as a person felony, the Kansas Supreme Court turned to *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), for guidance.

As the State correctly points out in its brief, *Descamps* involved interpretation of the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924 (2012), and arguably it would not be applicable in the calculation of a defendant's criminal history score pursuant to state law. See also *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016) (ACCA case holding a statute that merely offers various means or ways of satisfying a particular statutory element of a crime is not divisible). Nevertheless, in *Dickey I*, the Kansas Supreme Court expressly adopted "the methods *Descamps*

7

outlined" in determining how a prior conviction should be classified under the Kansas Sentencing Guidelines Act. 301 Kan. at 1037-39 (identifying these methods to be the "categorical approach" and the "modified categorical approach"). Although the members of this panel do not necessarily agree that the *Descamps* methods should be applied to cases such as the one now before us, we are duty bound to follow the precedent established by our Supreme Court.

Based on our reading of *Dickey I*, we feel obligated to apply either the "categorical approach" or the "modified categorical approach" in this case. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). Although our Supreme Court subsequently clarified its holding in *Dickey I*, we have no indication at this time that it is changing its position relating to the use of the *Descamps* methods in making a constitutionally valid determination regarding the classification of prior crimes. See *State v. Dickey* (*Dickey II*), 305 Kan. 217, 380 P.3d 230 (2016). We note, however, that the Kansas Supreme Court has granted review in several cases involving the question of whether a prior conviction for a violation of Wichita Municipal Ordinance 11.38.150 may be considered as a prior DUI conviction under K.S.A. 8-1567(i). *State v. Lamone*, 54 Kan. App. 2d 180, 399 P.3d 235 (2017), *petition for rev. filed* July 10, 2017; *State v. Fisher*, No. 115,277, 2017 WL 2021526 (Kan. App. 2017) (unpublished opinion), *rev. granted* August 30, 2017; *State v. Mears*, No. 115,278, 2017 WL 1534748 (Kan. App. 2017) (unpublished opinion), *rev. granted* August 30, 2017; *State v. Gensler*, No. 112,523, 2016 WL 2610262 (Kan. App. 2016) (unpublished opinion), *rev. granted* August 30, 2017. As such, the bench and bar should receive clarification regarding this issue in the not too distant future.

In *Dickey I*, the Kansas Supreme Court explained the categorical approach:

"A sentencing court applies the categorical approach when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting

8

the crime. A sentencing court simply compares 'the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime.' [Citation omitted.] If the elements of the prior conviction are the same as, or narrower than, the elements of the corresponding crime . . . , then the prior conviction may be counted as a predicate offense for sentence-enhancement purposes . . . . [Citation omitted.]" *Dickey I*, 301 Kan. at 1037.

Our Supreme Court also explained the modified categorical approach in *Dickey I*, as follows:

"The modified categorical approach applies when the statute forming the basis of the prior conviction is a 'divisible statute,' i.e., a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense. [Citation omitted.] Naturally, when a defendant's prior conviction arises under a divisible statute, a sentencing court cannot determine whether a defendant's prior conviction constitutes a predicate offense under the ACCA by merely examining the elements of the statute. Thus, without running afoul of *Apprendi*, a sentencing court is permitted to look beyond the elements of the statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [Citation omitted.] Such documents include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010)." 301 Kan. at 1037-38.

Neither the categorical approach nor the modified categorical approach violates a defendant's right to jury trial because they do not involve judicial factfinding. Rather, both approaches rely on the facts identified in the governing statute as elements of the crime charged. Notwithstanding, a district court is prohibited "for purposes of enhancing a defendant's sentence for a current conviction, [from making] findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey, I*, 301 Kan. 1018, Syl. ¶ 7.

9

In other words, a sentencing court is not to make a determination of the specific circumstances of a prior conviction to determine whether an enhancement of the statutory minimum or maximum is appropriate unless a jury has found the facts establishing those circumstances.

Because Wichita City Ordinance 11.04.400—which broadly defines the term "vehicle"—contained a single descriptive definition that included both motor vehicles and bicycles without providing any way to determine which might have been involved in a particular prosecution, we find that it is not divisible. Accordingly, we believe that we must apply *Dickey I* to this case and apply the categorical approach. In other words, we find that based on the current status of Kansas law, we can only look at Wichita Municipal Ordinance 11.38.150 and Wichita Municipal Ordinance 11.04.400 rather than to the charging document and/or journal entry to determine whether Scherer's prior DUI conviction in municipal court can be counted as part of his criminal history for the purposes of sentencing in this case. Based purely on the language of these ordinances, the district court could not have determined that Scherer operated a "vehicle" that was covered under the narrower definition found in K.S.A. 8-1485 and made illegal to drive while intoxicated under K.S.A. 8-1567.

Perhaps it would be acceptable to look to the allegations in a charging document or journal entry if a defendant has pled guilty or otherwise stipulated to the fact that he or she was operating a motor vehicle under the influence in a Wichita Municipal Court proceeding. However, in the current case, it is undisputed that Scherer pled no contest in municipal court. As the Kansas Supreme Court has found, in pleading no contest, "a defendant *does not admit the facts* upon which his or her guilt for the crime would be based." (Emphasis added.) *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009).

CONCLUSIONS

In summary, we reverse Scherer's conviction for refusal to submit to a test to determine the presence of alcohol or drugs. Furthermore, we vacate Scherer's DUI sentence. Finally, we remand this case to the district court for resentencing without counting Scherer's prior municipal court DUI conviction as part of his criminal history.

Reversed in part, vacated in part, and remanded for resentencing.

11