NOT DESIGNATED FOR PUBLICATION

No. 115,983

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCO A. LARIOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed January 19, 2018. Reversed in part, vacated in part, and remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: This appeal presents a single legal issue: Did the Sedgwick County District Court err in relying on Defendant Marco A. Larios' conviction for driving under the influence based on a 2011 violation of the Wichita municipal code to enhance the punishment for his present conviction for driving under the influence in violation of K.S.A. 2013 Supp. 8-1567? The answer is yes. So we reverse the felony conviction, vacate the corresponding punishment imposed on Larios, and remand with directions that he be convicted of misdemeanor DUI for a second offense and sentenced accordingly.

1

There are no disputed material facts, so the issue is one of law. We owe no deference to the district court's determination. Larios repeatedly challenged the district court's reliance on the Wichita DUI conviction to support the felony charge and sentence in this case. He has properly preserved the issue for appellate review. The record plainly shows the district court reviewed the face of the complaint for the municipal ordinance violation to make a factual determination about the type of vehicle Larios operated.

Several panels of this court have already addressed this precise issue. In light of the Kansas Supreme Court's opinion in *City of Wichita v. Hackett*, 275 Kan. 848, 853, 69 P.3d 621 (2003), governing the treatment of DUI convictions under the Wichita municipal code as predicate offenses for enhanced punishment under K.S.A. 8-1567, and the United States Supreme Court's opinions in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2248, 195 L. Ed. 2d 604 (2016); *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), outlining constitutionally impermissible judicial fact-finding in fashioning punishments for present crimes based on past criminal conduct, the district court violated Larios' right to jury trial and to due process, protected respectively in the Sixth and Fourteenth Amendments to the United States Constitution. The Kansas Supreme Court has recognized and applied the principles drawn from *Apprendi* and *Descamps* in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

In deciding this case, Judge Green would adhere to the reasoning and result in his majority opinion in *State v. Lamone*, 54 Kan. App. 2d 180, 399 P.3d 235 (2017), *petition for rev. filed* July 10, 2017.

In deciding this case, Judge Atcheson would adhere to the reasoning and result in his opinion in *State v. Mears*, No. 115,278, 2017 WL 1534748 (Kan. App. 2017) (unpublished opinion), *rev. granted* August 30, 2017.

2

We, therefore, hold that the district court impermissibly relied on Larios' Wichita municipal conviction in this case. In turn, Larios had only one previous DUI conviction that could be used to enhance the punishment for his conviction in this case. We, therefore, reverse his felony conviction in this case, vacate the sentence imposed, and remand with directions that the district court convict Larios of a misdemeanor DUI for a second offense and sentence him accordingly.

Reversed in part, vacated in part, and remanded with directions.