NOT DESIGNATED FOR PUBLICATION

Nos. 117,272
117,273

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

IRVIN J. RICHARDSON SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 9, 2018. Sentences vacated and cases remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

PER CURIAM:  Irvin J. Richardson Sr. contends the district court improperly used his prior Wichita municipal court convictions for driving under the influence (DUI) to enhance the sentences for his current state law DUI convictions under K.S.A. 2015 Supp. 8-1567. Applying controlling Kansas Supreme Court authority, we agree. Accordingly, we vacate Richardson's sentences and remand both cases to the district court for resentencing.

1

FACTS

Richardson appeals his sentence in two cases, 16 CR 876 and 16 CR 2470. In each case, Richardson pled guilty to DUI and driving while suspended.

Richardson was sentenced in both cases at the same time. The presentence investigation (PSI) reports prepared before sentencing indicated that Richardson had several prior DUI convictions. Three of those prior DUI convictions were from 2003 and 2009; thus, Richardson's current DUI offenses were considered "fourth and subsequent" DUI convictions subject to enhanced punishment under K.S.A. 2015 Supp. 8-1567(b)(1)(E). Two of the prior DUI convictions used to enhance Richardson's sentence were for violations of Wichita Municipal Ordinance 11.38.150.

The district court imposed identical sentences in each of Richardson's two cases: 12 months in jail for the DUI charge, 6 months in jail for driving while suspended, a fine of $2,600 for both charges, and 12 months supervision after release from jail. The court ran the sentences consecutively, for a total of 36 months in jail and a $5,200 fine.

ANALYSIS

Richardson contends the district court violated his constitutional rights through improper judicial fact-finding when it used his 2003 and 2009 Wichita municipal ordinance DUI convictions to enhance the sentences for his current state law DUI convictions.

The State contends that Richardson may not raise this issue for the first time on appeal. But Richardson's argument is that his sentence does not comply with the applicable statutory provision regarding the term of punishment authorized because the district court misclassified prior convictions. As such, Richardson's claim is one of an

2

illegal sentence, which may be brought at any time. See K.S.A. 22-3504(1); *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015).

Several panels of this court already have addressed the issue raised by Richardson here. In light of the Kansas Supreme Court's opinion in *City of Wichita v. Hackett*, 275 Kan. 848, 853, 69 P.3d 621 (2003), governing the treatment of DUI convictions under the Wichita municipal code as predicate offenses for enhanced punishment under K.S.A. 8-1567, and the United States Supreme Court's opinions in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), outlining constitutionally impermissible judicial fact-finding in fashioning punishments for present crimes based on past criminal conduct, the district court violated Richardson's right to jury trial and to due process, protected respectively in the Sixth and Fourteenth Amendments to the United States Constitution. The Kansas Supreme Court has recognized and applied the principles drawn from *Apprendi* and *Descamps* in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

We, therefore, hold that the district court impermissibly relied on Richardson's Wichita municipal DUI convictions to enhance the sentences in the state court DUI cases. Accordingly, we vacate Richardson's DUI sentences and remand the cases to the district court for resentencing without counting Richardson's 2003 and 2009 Wichita municipal DUI convictions as prior DUI convictions.

Sentences vacated and cases remanded with directions.