NOT DESIGNATED FOR PUBLICATION

No. 117,563

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBIN R. NAVARRO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed March 30, 2018. Sentence vacated and case remanded.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.


PER CURIAM:  Robin Navarro contends that the district court improperly used two past driving under the influence (DUI) convictions from the Wichita Municipal Court to enhance his sentence for his current DUI conviction under K.S.A. 8-1567. Based upon our reading of recent cases from the Kansas Supreme Court, we agree with Navarro's contention. Thus, we vacate his DUI sentence and remand this case to the district court for resentencing.

1

Only a few facts are relevant for purposes of this appeal. Navarro pleaded guilty to DUI in violation of K.S.A. Supp. 8-1567 in March 2016. His presentence investigation report scored the conviction as a fifth DUI, with two of his earlier convictions based on violations of the Wichita municipal ordinance, W.M.O. 11.38.150. The district court applied the penalties for a "fourth or subsequent DUI" and sentenced Navarro to 12 months' jail and 12 months' postrelease supervision. Navarro timely appeals, contending that the district court erred in using his Wichita municipal DUIs to enhance the sentence for his current DUI conviction under K.S.A. 8-1567.

Kansas law provides that a DUI conviction under a municipal ordinance may be counted as a prior DUI conviction for sentencing purposes if the ordinance "prohibits the acts that [K.S.A. 8-1567] prohibits." K.S.A. 2016 Supp. 8-1567(i)(1). The Wichita ordinance and state law use the same language in defining the crime of DUI. In relevant part, both prohibit "operat[ing] . . . any vehicle" while "under the influence of alcohol." K.S.A. 2016 Supp. 8-1567(a); W.M.O. 11.38.150(a).

But at the time Navarro was convicted under Wichita's ordinance, it defined "vehicle" more broadly than did State law. The ordinance defined a "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks." W.M.O. 11.04.400. In contrast, State law defines a "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except . . . devices moved by human power or used exclusively upon stationary rails or tracks." K.S.A. 2016 Supp. 8-1485. At the time Navarro was convicted under the Wichita ordinance, Wichita's ordinance thus included bicycles, while the State statute excluded bicycles from the definition of "vehicle." Accordingly, while it was illegal under the Wichita ordinance to operate a bicycle or other human-powered devices under the influence of alcohol, it was not, and still is not, a crime to do so under Kansas law. We

2

note that Wichita has since amended its definition of "vehicle" to match state law and has added a new ordinance prohibiting bicycling while under the influence.

The Kansas Supreme Court addressed the discrepancy between Wichita's DUI ordinance and the state DUI statute and the effect on criminal history scores in *City of Wichita v. Hackett*, 275 Kan. 848, 851, 69 P.3d 621 (2003). There, the defendant was convicted of violating Wichita Municipal Ordinance 11.38.150 for operating a bicycle under the influence of alcohol. On direct appeal, the Kansas Supreme Court found that although a bicycle is a "vehicle" under the city ordinance, it is not a "vehicle" under K.S.A. 8-1567. *Hackett*, 275 Kan. at 850-51. The court held that "[o]perating a bicycle while under the influence, though a violation of the city code, is not a DUI under K.S.A. 8-1567. Such a conviction therefore does not count for state sentencing purposes concerning the instant offense or subsequent offenses." 275 Kan. at 853.

Thereafter, the Kansas Supreme Court decided *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015). Our court subsequently interpreted K.S.A. 2016 Supp. 8-1567(i)(1) in numerous cases which did not involve bicycles, but involved DUI convictions under the Wichita ordinance, by attempting to follow the analysis in *Dickey*, *Descamps v. United States*, 570 U.S. 254, 269, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), or *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016). The majority of those panels concluded that the Wichita municipal DUI ordinance is indivisible and, thus, such convictions cannot be counted for sentencing purposes. See, e.g., *State v. Lamone*, 54 Kan. App. 2d 180, 191, 399 P.3d 235 (2017) (Wichita ordinance's definition of "vehicle" created only different factual ways of satisfying a single element, so it is indivisible and underlying documents cannot be used), *rev. granted* 307 Kan. __ (February 26, 2018); *State v. Fisher*, No. 115,277, 2017 WL 2021526, at *5 (Kan. App.) (unpublished opinion) (same), *rev. granted* 306 Kan. 1323 (2017); *State v. Mears*, No. 115,278, 2017 WL 1534748, at *6 (Kan. App.) (unpublished opinion) (same), *rev. granted* 306 Kan. 1327 (2017); *State v. Schrader*, No. 115,196,

2017 WL 947631, at *4 (Kan. App.) (unpublished opinion) (same, although interpreting similar provisions in K.S.A. 2014 Supp. 21-6811[c][2] concerning criminal history classification in guidelines sentencing), *rev. granted* 306 Kan. 1329 (2017). But see *State v. Gensler*, No. 112,523, 2016 WL 2610262, at *5 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. 1323 (2017).

Because the Kansas Supreme Court has accepted petitions for review on many of these cases, we anticipate receiving clarification regarding this specific issue in the not too distant future. But the Kansas Supreme Court recently issued definitive clarification on a similar issue—what "comparable" means when determining whether a crime committed in another state is comparable to a Kansas crime so it may be counted as a person crime for purposes of sentencing. See *State v. Wetrich*, 307 Kan. __, No. 112,361, 2018 WL 1247191, at *6 (2018); *State v. Sturgis*, 307 Kan. __, No. 112,544, 2018 WL 1247447 (2018); *State v. Moore*, 307 Kan. __, No. 113,545, 2018 WL 1247056 (2018); *State v. Buell*, 307 Kan. __, No. 113,881, 2018 WL 1247545 (2018).

As *Wetrich* and its companion cases noted, prior out-of-state convictions are used in calculating a person's criminal history score under the revised Kansas Sentencing Guidelines Act. The State of Kansas classifies an out-of-state conviction as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed. If Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3).

In *Wetrich* and its companion cases, the Kansas Supreme Court held, solely as a matter of state statutory interpretation, that a "comparable" crime means one having identical or narrower elements than the Kansas crime:

"For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3) (the amended version of K.S.A. 21-4711[e] ), the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 307 Kan. __, Syl. ¶ 3, 2018 WL 1247191.

Thus, a Missouri burglary, which required proof that the defendant unlawfully entered or remained within an inhabitable structure (a nondwelling), was not comparable to the Kansas burglary which required proof that the defendant entered a "dwelling." K.S.A. 21-3110(7). The Kansas Supreme Court examined not only the burglary statutes themselves, but also their definitions, and found "the breadth of the element in Missouri defeats comparability with the Kansas crime of burglary of a dwelling." *Wetrich*, 2018 WL 1247191, at *7. Because the court based its decision solely on its interpretation of the state statute, it found it unnecessary to decide "the extent to which the federal identical-or-narrower rule is constitutionally mandated after *Apprendi*, *Descamps*, and *Mathis*." *Weitrich*, 2018 WL 1247191, at *4.

We are duty bound to follow *Wetrich* and its companion cases. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We are convinced by the Kansas Supreme Court's broad approach and definitive language in *Wetrich* and its companion cases that the court will apply the same rationale here. Because the Wichita ordinance defines "vehicle" more broadly than does the Kansas DUI statute, the breadth of that element means the ordinance does not "prohibit[] the acts that [K.S.A. 8-1567] prohibits." K.S.A. 2016 Supp. 8-1567(i)(1). Because the ordinance permitted a DUI conviction for driving a bicycle while intoxicated, Navarro's DUI convictions under that ordinance, even if they were for driving a vehicle other than a bicycle, may not be counted as a prior DUI conviction for sentencing purposes in this case.

Sentence vacated and remanded for resentencing.