NOT DESIGNATED FOR PUBLICATION

No. 125,630

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN D. HOUZE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion on remand filed November 21, 2025. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., COBLE and PICKERING, JJ.

PER CURIAM: John D. Houze appeals from his jury conviction of felony criminal possession of a weapon under K.S.A. 2020 Supp. 21-6304(a)(1). On December 29, 2023, we issued an opinion finding—among other things—that Houze lacked standing to challenge the constitutionality of K.S.A. 2020 Supp. 21-6304(a)(1). *State v. Houze*, No. 125,630, 2023 WL 9016178 (Kan. App. 2023) (unpublished opinion), *rev. granted* 321 Kan. ___ (September 11, 2025). In doing so, we relied on the Kansas Supreme Court's opinions in *State v. Williams*, 299 Kan. 911, 329 P.3d 400 (2014), and *Hearn v. City of Overland Park*, 244 Kan. 638, 772 P.2d 758, *cert. denied* 493 U.S. 976 (1989).

1

Thereafter, the Kansas Supreme Court granted Houze's petition for review, vacated the part of our opinion addressing his constitutional challenge, and remanded the case to us for reconsideration in light of *State v. Stubbs*, 320 Kan. 568, 570 P.3d 1209 (2025).

## FACTS

A recitation of the facts is not necessary to address the limited issue presented to us on remand. It is sufficient to note that the State charged Houze with criminal possession of a weapon by a convicted felon under K.S.A. 2020 Supp. 21-6304(a)(1). After a jury found him guilty of this charge, the district court sentenced him to 17 months in prison. On appeal, Houze claims that K.S.A. 2020 Supp. 21-6304(a)(1) is unconstitutionally vague on its face.

## ANALYSIS

At the outset, we note that the Kansas Supreme Court issued its opinion in *Stubbs* on June 27, 2025. Significant to the issue now before our court, the Kansas Supreme Court ruled in *Stubbs* that a defendant meets the traditional standing requirements by alleging a conviction and imprisonment under an allegedly void statute. 320 Kan. at 584. In addition, the *Stubbs* court found that when a defendant is asserting an arbitrary enforcement challenge to a statute they have been convicted under, "they necessarily present a facial challenge and assert their own injury." 320 Kan. at 584.

Because Houze was convicted of criminal possession of a firearm and sentenced to prison, we find that he meets the standing requirements under the principles set forth in *Stubbs*. As a result, we conclude that Houze has standing to bring his constitutional challenge to K.S.A. 2020 Supp. 21-6304(a)(1). Likewise, as noted in our previous opinion, although Houze raises this argument for the first time on appeal, he has asserted an exception to the general rule as required by Supreme Court Rule 6.02(a)(5) (2025 Kan.

2

S. Ct. R. at 36). Because the limited issue presented on remand involves a question of law that would be determinative of the criminal possession of a firearm by a convicted felon charge, we exercise our discretion to address Houze's constitutionality argument on the merits.

Houze contends that K.S.A. 2020 Supp. 21-6304(a)(1)—the statute criminalizing criminal possession of a weapon by a convicted felon—is facially unconstitutional on the ground of vagueness. To prove criminal possession of a weapon by a convicted felon, the State must establish that a defendant has been previously convicted of an enumerated felony and "was found to have been in possession of a firearm at the time of the commission of the crime." K.S.A. 2020 Supp. 21-6304(a)(1). Houze argues that the statute is vague because ordinary people would not know when they are violating the law based on its language. In addition, Houze argues that the Kansas Legislature gave too much discretion to government actors to enforce the law on a subjective basis.

We exercise unlimited review over the question of whether a statute is constitutional. *State v. Harris*, 311 Kan. 816, 821, 467 P.3d 504 (2020). A statute is unconstitutionally vague when it fails to give adequate warning or notice of the proscribed conduct. A statute may also be unconstitutional if it fails to protect against arbitrary enforcement. *In re A.B.*, 313 Kan. 135, 138, 484 P.3d 226 (2021); see also *Johnson v. United States*, 576 U.S. 591, 595, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

In reviewing a statute, we presume that it is constitutional, and we must resolve all doubts in favor of a statute's validity. In other words, we are to interpret a statute in a way to uphold its constitutionality if there is any reasonable way to maintain the Legislature's intent. *Harris*, 311 Kan. at 828-29 (Biles, J., dissenting). As the party challenging the constitutionality of the statute here, Houze has the burden of overcoming the presumption of constitutionality. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018).

3

K.S.A. 2020 Supp. 21-6304(a)(1) provides: "(a) Criminal possession of a weapon by a convicted felon in possession of any weapon by a person who: Has been convicted of a person felony . . . and was found to have been in possession of a firearm at the time of the commission of the crime." In particular, Houze challenges the phrase "was found to have been in possession of a firearm at the time of the commission of the crime." He argues that this phrase is unconstitutionally vague because it does not specify "who" makes the finding that a convicted felon possessed a firearm at the time of the commission of the crime.

Based on the plain language of K.S.A. 2020 Supp. 21-6304(a)(1), the State was first required to prove to the jury that Houze was in possession of a weapon. Second, the State was required to prove to the jury that Houze had been previously convicted of a person felony. Third, the State was required to prove to the jury that Houze had been found to have been in possession of a firearm at the time of the commission of his prior crime.

A review of the record reveals that Houze stipulated that he had previously been convicted of a person felony—aggravated battery under K.S.A. 21-5413(b)(1)—which was one of the felonies set forth under subsection (a)(3)(A) of the criminal possession of a weapon statute. Additionally, Houze conceded that he was found to be in possession of a firearm at the time of the aggravated battery prior to the State amending its charge to subsection (a)(1). Still, Houze claims that he was wrongfully convicted because the statute does not articulate "who" had to find him to have been in possession of the firearm during the commission of his prior crime.

Under Kansas law, a statute should not be "declared void for vagueness and uncertainty where it employs words commonly used, previously judicially defined, or having a settled meaning in law." *City of Wichita v. Hackett*, 275 Kan. 848, 853-54, 69 P.3d 621 (2003). Moreover, we are to construe statutes to avoid unreasonable or absurd

4

results. Additionally, we must presume the Legislature does not intend to enact meaningless legislation. *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020).

Due process requires that a statute must "'convey[] a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice.' . . . '[T]he determinative question' when statutes are challenged as void for vagueness is "'whether a person of ordinary intelligence understands what conduct is prohibited by" the statutory language at issue.' [Citation omitted.]" *State v. Jenkins*, 311 Kan. 39, 53, 455 P.3d 779 (2020). So, the test for vagueness is based on a "'commonsense determination of fundamental fairness.'" *State v. Richardson*, 289 Kan. 118, 124, 209 P.3d 696 (2009).

We find that K.S.A. 2020 Supp. 21-6304 provides a rubric to prohibit all felons from possessing a weapon following their convictions. Depending on the type or types of prior felonies, the prohibition can last for life under K.S.A. 2020 Supp. 21-6304(a)(1), for 10 years under K.S.A. 2020 Supp. 21-6304(a)(3), or for 5 years under K.S.A. 2020 Supp. 21-6304(a)(2). Here, Houze was subject to the lifetime prohibition under K.S.A. 2020 Supp. 21-6304(a)(1).

Based on our review of the plain language of K.S.A. 2020 Supp. 21-6304(a)(1), we find that it gives fair warning to a person of ordinary intelligence as to what conduct our Legislature intended to prohibit. As a felon previously convicted of aggravated battery while in possession of a firearm, a reasonable person would know that Houze was prohibited from possessing a weapon for the duration of his life. In other words, we conclude that the statutory language provided anyone with ordinary intelligence that as a felon previously convicted of a violation of K.S.A. 21-5413(b)(1), Houze was prohibited from possessing a weapon. Accordingly, applying the strong presumption of constitutionality as Kansas law requires, we conclude that the language used in K.S.A. 2020 Supp. 21-6304(a)(1) does not lead to confusion as to what conduct is prohibited.

5

Because we have found that the language of K.S.A. 2020 Supp. 21-6304(a)(1) conveys a sufficiently definite warning as to the prohibited conduct, we now turn to Houze's argument that the statute is subject to arbitrary enforcement. In Kansas, laws must not provide an "'impermissibl[e] delegat[ion]' of 'basic policy matters' by the legislative branch to 'policemen, judges, and juries for resolution on an *ad hoc* and subjective basis.'" *Harris*, 311 Kan. at 821. Furthermore, individuals should be protected from the arbitrary enforcement of statutes because criminal convictions result in the loss of personal liberty in the form of criminal punishment. 311 Kan. at 821.

Similar to his first argument, Houze also argues that the phrase—"was found to be have been in possession of a firearm at the time of the commission of the crime"—leaves it open for the police, prosecutors, and other government actors to arbitrarily decide "who" found the defendant to be in possession of a firearm at the time of the commission of the crime on a subjective basis. In determining whether the language of a statute allows for arbitrary or discriminatory enforcement, the focus should be on whether those enforcing the law "can discern what the law prohibits in the first place." *Stubbs*, 320 Kan. at 585.

As discussed above, K.S.A. 2020 Supp. 21-6304(a)(1) requires the State to prove beyond a reasonable doubt that a defendant is a convicted felon, was found in possession of a weapon, and had previously been found in possession of a firearm at the time the prior crime was committed. So, it is apparent from the plain language of the statute that to sustain a conviction under K.S.A. 2020 Supp. 21-6304(a)(1), the State must prove that a defendant had a previous conviction and that they were found to be in possession of a firearm during the crime that led to the previous conviction.

As a result, we find that the statutory language adequately sets forth what is required to be proven for a defendant to be convicted of criminal possession of a weapon by a felon. Likewise, we do not find there is a risk of a government actor arbitrarily

enforcing K.S.A. 2020 Supp. 21-6304(a)(1). We also find that Houze has failed to persuasively argue that the statute is subject to arbitrary enforcement. Rather, we find that whether a defendant had a previous conviction for a crime during which he possessed a firearm to be a straightforward question for the finder of fact—in this case the jury that convicted Houze. Consequently, based on the plain language of the statute, we conclude that it is not subject to arbitrary enforcement.

We, therefore, conclude that K.S.A. 2020 Supp. 21-6304(a)(1) is constitutional, and we affirm Houze's conviction.

Affirmed.